UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN M. MARIANO, individually and on
behalf of a class of others similarly situated,

                              Plaintiffs,

-vs-

TOWN OF ORCHARD PARK,
                         Defendant.
_____

**AMENDED**

**COMPLAINT IN A COLLECTIVE ACTION**

**09-CV-0916**

      Plaintiffs, by their attorney, PAUL D. WEISS, ESQ., as and for a complaint in a collective action allege:

### I. Parties

1. Plaintiff JOHN M. MARIANO (hereinafter referred to as "Mariano") is an employee of the named Defendant. Plaintiff Mariano is assigned as a Police Officer with the Orchard Park Police Department. Mariano is a resident of Erie County.

2. The claims of the individually named Plaintiffs under the FLSA are similar to and typical of the claims of additional persons who are employed by Defendant Orchard Park. Plaintiffs in this action and who are and/or were police officers employed by Defendant. There are approximately 14 additional Plaintiffs in this action. Each Plaintiff has each given his or her written consent to be a party plaintiff in this action, pursuant to 29 U.S.C. § 216(b). It is respectfully requested that the written consents be submitted identifying only Plaintiff's name and signature on the consent forms.

3. Plaintiffs bring this action as a collective action on behalf of themselves and on behalf of

all other current and former employees of Defendant similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for unpaid overtime compensation, liquidated damages, prejudgment interest, attorney fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), referred to as the FLSA.

4. Upon information and belief, Defendant TOWN OF ORCHARD PARK (hereinafter referred to as "Town") was and continues to be a body corporate and politic, constituting, organized and existing pursuant to the laws of the State of New York. Defendant Town is a "public agency" as defined in 29 U.S.C. § 203(x) and an "employer" of Plaintiffs and/or Plaintiffs who had been employed by Defendant and others similarly situated as defined in 29 U.S.C. § 203(d).

## II. Jurisdiction and Venue

5. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. §1337. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## III. Causes of Action

6. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

7. The FLSA requires that employees be paid overtime compensation at a rate not less than one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek (29 U.S.C. § 201(a)(1)).

## AS AND FOR A FIRST CAUSE OF ACTION

### Hours in excess of 40 hours not properly compensated

8. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 7 as if each were set forth in full herein.

9. Plaintiffs are entitled to receive additional compensation for hours in excess of the hourly levels specified in 29 U.S.C. § 207.

10. Defendant has failed to compensate Plaintiffs for all hours worked in excess of forty (40) hours a week at one and one-half (1.5) times the regular rate of pay. Defendant's illegal practices include, but are not limited to: failing to compensate Plaintiffs for all hours worked beyond forty (40) hours and failing to compensate Plaintiffs at the correct FLSA rate when Plaintiffs work beyond forty (40) hours a workweek. This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

11. Defendant had prior notice that the time Plaintiffs spend in excess forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay under the FLSA.

12. As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to each of the Plaintiffs amounts of overtime pay under the FLSA.

13. Defendant has willfully violated, and are willfully violating, the overtime compensation requirements of the FLSA by not properly compensating Plaintiffs for all overtime hours worked. Defendant's failure to properly compensate Plaintiffs has resulted in Defendant receiving the benefit of numerous hours of overtime work without paying Plaintiffs the

proper compensation.

14. The employment and work records for each of the Plaintiffs are solely within the custody of Defendant and Plaintiffs are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A SECOND CAUSE OF ACTION

### Incorrect Calculation of the Regular Rate of Pay

15. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 14 as if each were set forth in full herein.

16. Plaintiffs are entitled to receive additional compensation for hours in excess of the hourly levels specified in 29 U.S.C. § 207.

17. Defendant is required under the FLSA to compensate Plaintiffs for all hours worked in excess of forty (40) hours a week at one and a half (1.5) times the regular rate of pay.

18. Pursuant to the FLSA, the regular rate of pay shall include all remuneration for employment paid to, or on behalf of, the employee. See, 29 U.S.C. §207(e).

19. Accordingly, Defendant was required to include in Plaintiffs' regular rate of pay certain contractually negotiated payments, including, but not limited to: shift premium pay, shift differential pay, longevity pay, vacation buy-back pay, sick leave incentive pay and other contractually negotiated payments.

20. Defendant has not included all FLSA designated contractually negotiated payments in Plaintiffs' regular rate of pay.

21. As a result of Defendant's violations of the FLSA and the applicable regulations of the

U.S. Department of Labor, there has become due and owing to each of the Plaintiffs amounts of overtime pay under the FLSA.

22. Defendant has willfully violated, and is willfully violating, the overtime compensation requirements of the FLSA, by not including shift premium pay, shift differential pay, longevity pay, vacation buy-back pay, sick leave incentive pay and other contractually negotiated payments and other required remuneration in computing the regular rate of pay in many circumstances in which Plaintiffs have worked overtime.

23. The employment and work records for each of the Plaintiffs are solely within the custody of Defendant and Plaintiffs are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A THIRD CAUSE OF ACTION

### Denial of Use of Compensatory Time

24. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 23 as if each were set forth in full herein.

25. Pursuant to 29 U.S.C. § 207(o)(5), an employer must grant an employee's request to use earned compensatory time off within a "reasonable period" after making such a request and may only deny the request for compensatory time off if granting the request would "unduly disrupt" the employer's operations. The implementing regulations of the U.S. Department of Labor contain the same requirements. See, 29 C.F.R. § 553.25(d).

26. Upon information and belief, Defendant's illegal compensatory time policy includes, but is not limited to, denying a request for compensatory time off if overtime will be incurred by granting the request and also denying Plaintiffs use of their compensatory time within

a "reasonable period" after earning such compensatory time.

27. Defendant's policy with regard to compensatory time violates the FLSA, *inter alia*, in that Defendant automatically denies a request for compensatory time off, without considering undue disruption, if the request would require another officer to work overtime.

28. Defendant has willfully violated, and is willfully violating, the overtime compensation requirements of the FLSA by employing a compensatory time off system and/or policy that fails to comply with the FLSA.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Failure to Keep Records Required by the FLSA

29. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 28 as if each were set forth in full herein.

30. Pursuant to 29 C.F.R. §516, et seq., every employer subject to any provisions of the FLSA is required to maintain records containing the information and data required under Part 516 of the Regulations.

31. Defendant has failed to maintain records containing information and data required under the FLSA relative to hours worked by Plaintiffs.

32. Defendant has failed to maintain records containing information and data required under the FLSA relative to hours worked by Plaintiffs for the requisite record keeping period. Defendant has otherwise failed to comply with the requirements of 29 C.F.R. Part 516.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Prohibited Discrimination and/or Retaliation by Town

33. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 33 as if each were set forth in full herein.

34. Pursuant to 29 U.S.C. §215 Defendant is prohibited from taking any action retaliating and/or discriminating against any person who has filed a complaint under the FLSA.

35. 29 U.S.C. §215, provides in pertinent part, that it shall be unlawful for any person "… (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]. . . ." See, 29 U.S.C. §215(a)(3).

36. Prior to commencement of the instant action, Plaintiffs had negotiated with Defendant a new duty schedule that was beneficial to both Plaintiffs and Defendant. The new duty schedule was referred to as the "OPPD 12 Hour Schedule."

37. Subsequent to implementation of the OPPD 12 Hour Schedule and prior to commencement of the instant action, Plaintiffs and/or representatives of Plaintiffs met with Defendants' Chief of Police Andrew D. Benz to inquiry into the Defendants' position on implementation of the OPPD 12 Hour Schedule. On behalf of the Defendant, Chief Benz indicated that the schedule was working well and that Defendant had no problem with the OPPD 12 Hour Schedule.

38. However, subsequent to commencement of the instant action, Defendant has changed its position and is indicating its intent to unilaterally rescind the OPPD 12 Hour Schedule

due to the commencement of the instant lawsuit.

39. Specifically, by correspondence dated November 5, 2009, Mary Travers Murphy, Town of Orchard Park Supervisor, on behalf of Defendant, notified Plaintiffs, all who are members of the Orchard Park PBA, that Defendant anticipates taking action to discontinue the OPPD 12 Hour Schedule "in light of [Plaintiffs'] recent lawsuit against the town." A copy of the November 5, 2009 correspondence from Supervisor Travers Murphy is annexed hereto as **Exhibit A**.

40. The OPPD 12 Hour Schedule has been a benefit enjoyed by Plaintiffs.

41. Defendant's threat to take action to discontinue the OPPD 12 Hour Schedule violates 29 U.S.C. §215(a)(3) in that it discriminates against Plaintiffs because they filed a complaint against Defendant pursuant to 29 U.S.C. § 201(a)(1)), et seq. [FLSA].

42. Moreover, Defendant's threat to take action to discontinue the OPPD 12 Hour Schedule has a chilling effect on Plaintiffs and other persons seeking redress for violations of the FLSA.

### IV. **Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on their own behalf and on behalf of others similarly situated, demand a trial by jury in this action.

**WHEREFORE,** Plaintiffs, on their own behalf and on behalf of others similarly situated, respectfully request that this Court:

(a)   Enter a declaratory judgment declaring that Defendant has willfully and wrongfully

(b)   violated its statutory obligations, and deprived Plaintiffs of their rights, protections and entitlements under the law, as alleged herein;

(b)   Enter a permanent injunction restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and from further violating their rights under the law;

(c)   Enter a declaratory judgment declaring that Defendant has failed to comply with the application and use of compensatory time by Plaintiffs in violation of 29 U.S.C. § 207(o)(5) and the implementing regulation 29 C.F.R. § 553.25(d).

(d)   Enter a declaratory judgment declaring that Defendant has failed to comply with the record keeping requirements set forth in 29 C.F.R. Part 516, Subpart A.

(e)   Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

(f)   Award each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid compensation, plus prejudgment interest;

(g)   Directing Defendant to take all necessary and appropriate actions to correct past reporting of wages with the New York State Police and Fire Retirement System and/or New York State and Local Employees' Retirement System to accurately report and reflect true wages earned by Plaintiffs;

(h)   Enter a declaratory judgment declaring that Defendant has discriminated against Plaintiffs in violation of 29 U.S.C. §215.

(i)   Enter a permanent injunction restraining and preventing Defendant from unilaterally rescinding the OPPD 12 Hour Schedule;

(j)    Award Plaintiffs their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

(k)    Grant such other relief as the Court deems just and equitable.

Dated: November 13, 2009
       Kenmore, New York

_____
Paul D. Weiss, of Counsel
BARTLO, HETTLER & WEISS
*Attorneys for Plaintiffs*
22 Victoria Boulevard
Kenmore, New York 14217
(716) 873-8833
pweiss@bartlohettlerweiss.com
bnatale@bartlohettlerweiss.com

Mariano v. Town of Orchard Park
09-CV-0916

# EXHIBIT A


## SUPERVISOR'S OFFICE
S 4295 South Buffalo Street Orchard Park, New York 14127-2609

Phone: (716) 662-6400
Fax:    (716) 662-6479
Email: opsupervisor@orchardparkny.org

**TOWN SUPERVISOR**
**MARY TRAVERS MURPHY**

November 5, 2009

Mr. John Mariano
President
Orchard Park PBA
4295 South Buffalo Street
Orchard Park, NY  14127

RE:  FLSA Action

Dear Mr. Mariano,

In light of the PBA's recent lawsuit against the town, the Town Board will need to take another look at the experimental 12 hour schedule. On behalf of the entire Town Board, please be advised that the Town does not believe that it is in violation of the FLSA as alleged in the Complaint. However, until that litigation is resolved, the Town must act prudently to contain any potential liability. It is possible that the new schedule could lead to additional incidents of overtime. Due to the concern over the potential liability under this action, the Town will consider discontinuing the 12 hour schedule.

The Town agreed to the new schedule ON A TRIAL BASIS in the most recent collective bargaining negotiations with the anticipation that it would be cost neutral to the Town. It is our understanding that either party can decide to end this trial period during
its first year.

In 2008, the Town paid substantial sums in overtime to police officers. Regardless of the merits or lack thereof of this new case, we must act to contain any potential further overtime expenses or potential liability.

If you have any questions please do not hesitate to contact our labor attorney, Sean Beiter.

Mr. Beiter may be reached at:  843-3805.

Best Regards,

Mary Murphy
Supervisor