UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN M. MARIANO, individually and
on behalf of others similarly situated,

        Plaintiffs,

v.                                                    **DECISION AND ORDER**
                                                        09-CV-916S

TOWN OF ORCHARD PARK ,

        Defendant.

        1.        In this putative collective action, Plaintiff, John Mariano, President of Orchard Park's Police Benevolent Association ("PBA"), on behalf of himself and others similarly situated, alleges that his employer, the Town of Orchard Park Police Department ("Orchard Park") violated the Fair Labor Standards Act ("Labor Act"), 29 U.S.C. §§ 201, et seq. (Docket No. 3.)[1] He alleges that Orchard Park failed to pay him overtime, failed to properly calculate his overtime pay, denied him compensatory time off, and failed to keep proper records. Presently before this Court is Orchard Park's Motion to Dismiss (Docket No. 9). For the following reasons, Orchard Park's motion is granted in part and denied in part.

        2.        Defendant argues that Mariano's complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(6). Rule 12 (b)(6) allows dismissal of a complaint for "failure to state

---

[1] Section 216(b) of the Labor Act permits collective actions; it provides, inter alia: "An action to recover the liability prescribed in either of the preceding sentences [expressly including section 207 liability] may be maintained against any employer (including a public agency). . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Although this process eventually requires certification, that step is not presently before this Court. Further, because the collective action is not yet certified, the Court will refer to Mariano in the singular, not as "plaintiffs."

a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

3.     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

4.     When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

5.     Courts therefore use a two-pronged approach to examine the sufficiency of

a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S. Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."

6. Mariano's first two causes of action allege that Orchard Park violated the Labor Act by failing to properly pay him for overtime. In relevant part, the Labor Act reads:

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . [for] longer than forty hours [in any workweek] unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).[2]

7. However, Mariano's complaint is nothing more than a bare allegation of this violation, claiming only, "Defendant has failed to compensate Plaintiffs for all hours worked in excess of forty (40) hours a week at one and one-half (1.5) times the regular rate of pay." (Amended Complaint ¶ 10; Docket No. 3.) As noted recently by this Court, such an empty allegation is insufficient under Iqbal and Twombly. See Smith v. Mastercraft Decorators,

---

[2] This general rule contains numerous qualifications and limitations that are not relevant to the present motion.

Inc., No. 09 Civ. 579, 2011 WL 5191755, *3 (W.D.N.Y. October 31, 2011). "Simply stating that a plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." Zhong v. August August Corp., 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) (citing Acosta v. Yale Club of N.Y.C., No. 94 Civ. 0888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995). "Where a plaintiff alleges violations of the [Labor Act's] . . . overtime wage provisions, the complaint should, at least approximately, allege the hours worked, for which wages were not received." Zhong, 498 F. Supp. 2d at 628. Mariano asserts no approximation of the hours that he worked, nor does he make an attempt at such an approximation.

8.   Mariano argues that his complaint is sufficient under Gordon v. Kalieda Health, No. 08 Civ. 378, 2008 WL 5115217 (W.D.N.Y. Nov. 25, 2008). But this reliance is misplaced. In Gordon, this Court did find that the plaintiff's complaint properly stated a Labor Act violation, however it noted that "[p]laintiffs contend that Defendants 'maintain at least three policies which deprive employees compensation for time worked.'" Id. at *1 (internal citations omitted). This Court went on to cite the plaintiff's complaint, which specifically singled out those policies and provided substantive factual assertions. Id. For example, the Gordon plaintiffs claimed that the defendants instituted a "Break Deduction Policy," which deducted half an hour of time from each employee's paycheck for a meal-break, regardless of whether the employee actually took the break. Id. (internal citations omitted). The complaint also detailed the defendants' "Unpaid Preliminary and Postliminary Work Policy," which permitted employees to perform work before and after their shifts for which they received no compensation. Id. (internal citations omitted). Finally, the complaint referred to the defendants' "Unpaid Training Policy," which permitted

4

employees to attend training sessions without receiving compensation. Id. (internal citations omitted).

9.	Here, Mariano alleges no such policies or facts that can substantiate his legal assertion. As such, he has not properly pled a Labor Act violation and his first and second causes of action are dismissed under Fed R. Civ P. 12(b)(6). See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (applying abuse of discretion standard when claim was dismissed under Rule 12(b)(6) because the reason for dismissal was failure to satisfy the pleading standard of Rule 8).[3]

10.	Mariano's third cause of action alleges that he was denied use of compensatory time-off in violation of Section 207(o)(5) of the Labor Act, which states that an employer must grant such a request within a reasonable period unless it would unduly disrupt the employer's operations. But this claim suffers from the same failing as Mariano's first two claims. As an initial matter, Mariano does not even allege that he was denied compensatory time off. Rather, he claims, in a general fashion, that Orchard Park had a policy to deny requests for compensatory time off. (See Amended Complaint ¶ 26.) Further, like his first two causes of action, this allegation is his sole factual assertion. Such a cursory allegation of an offending policy stands in stark contrast to allegations in Gordon, where the plaintiffs named the policy, stated its details, and described how they were affected. See Gordon, 2008 WL 5115217 at *1.

11.	Because Mariano has only alleged, and has not shown, that he is entitled to relief, his third claim is also dismissed under Fed. R. Civ. P. 12(b)(6). See Iqbal, 129 S.

---

[3] Because of this finding, this Court does not need to address, at this time, whether Orchard Park adopted a "work period," subjecting it to a different procedure for the calculation of overtime.

5

Ct. at 1950.

12. Mariano's fourth cause of action alleges that Orchard Park failed to abide by the Labor Act's record keeping requirements. Orchard Park argues that there is no private right of action for such a violation. This Court agrees: Mariano cannot assert a stand-alone cause of action for a record keeping violation. See Cunningham v. Elec. Data Sys. Corp., 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008) (citing Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 843 (6th Cir.2002) (holding that the Labor Act "does not authorize employee suits for violations of the [Labor Act's] record keeping requirements. Authority to enforce the [Labor] Act's record keeping provisions is vested exclusively in the Secretary of Labor") (internal citation omitted).

13. The two cases Mariano cites in support of his position are inapposite: neither found a private right of action. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447 (S.D.N.Y. 2008) (discussing an evidentiary presumption for record keeping violations); Ruggles v. Wellpoint Inc., 253 F.R.D. 61, 67 (N.D.N.Y. 2008) (noting that record keeping violations supported an inference that the defendants failure to pay overtime wages was willful). Therefore, Defendant's motion to dismiss Mariano's fourth claim is granted.

14. Mariano's fifth cause of action alleges retaliation under Section 215(a)(3) of the Labor Act. Section 215(a)(3) of the Labor Act declares that "it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." Mariano alleges that Orchard Park retaliated against him for commencing this litigation by sending him and the Police Benevolent Association a letter (attached to the

Amended Complaint as "Exhibit A") indicating that Orchard Park is considering rescinding a recently approved work schedule for the police department. In part, the letter states, "In light of the PBA's recent lawsuit against the town [of Orchard Park], the Town Board [of Orchard Park] will need to take another look at the experimental 12 hour schedule." (Amended Complaint, Exhibit A.)

15. To state a retaliation claim, Mariano must allege that: (1) he was engaged in a protected activity; (2) Orchard Park was aware of his participation in this activity; (3) Orchard Park took adverse action against him; and (4) his activity and the adverse action were casually connected. See Fei v. WestLB AG, No. 07 Civ. 8785, 2008 WL 594768, *2 (S.D.N.Y. Mar. 5, 2008). An employment action is considered adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Mullins v. City of New York, 634 F. Supp. 2d 373, 385 (S.D.N.Y. 2009) (applying the Title VII standard to a claim under the Labor Act) (quoting Burlington Northern & Santa Fe Railway v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)) (outlining the standard for a Title VII retaliation claim). Orchard Park concedes most of these elements, but argues that since it has not taken any action yet, Mariano's claim is not ripe for adjudication.

16. However, as Mariano points out, threats of retaliation are actionable under the Labor Act. See Soler v. G & U, Inc., 690 F.2d 301, 302-03 (2d Cir. 1982). As such, it is possible that Orchard Park's letter would "dissuade[] a reasonable worker from making or supporting a charge" against it, constituting a threat of retaliation. See Mullins, 634 F. Supp. at 385.

17. Orchard Park further argues that a schedule change, standing alone, is not

an adverse action as a matter of law. But Orchard Park's motion fails even assuming this to be true. Mariano has pled that the new schedule is a benefit to him (Amended Complaint ¶ 40), and thus changing it may have other detrimental effects, aside from a mere change in the schedule, which cannot be realized at the motion to dismiss stage. Therefore, Mariano has pled a prima facie case, and Orchard Park's motion to dismiss this claim is denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED with respect to Plaintiff's first, second, and third causes of action and those claims are dismissed without prejudice.

FURTHER, that Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's fourth cause of action and that claim is dismissed with prejudice.

FURTHER, that Defendant's Motion to Dismiss is DENIED with respect to Plaintiff's fifth cause of action.

SO ORDERED.

Dated:   November 18, 2011
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Chief Judge
                                          United States District Court