**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOHN M. MARIANO, individually and on behalf of a class of others similarly situated,**

**Plaintiffs,** **09-CV-0916S (Sr)**

**v.**

**TOWN OF ORCHARD PARK,**

**Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #6.

Currently before the Court is plaintiff's motion to amend the complaint. Dkt. #37. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff, John M. Mariano, a Police Officer with the Orchard Park Police Department and President of the Orchard Park Police Benevolent Association ("PBA"), commenced this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), on behalf of himself and a class of others similarly situated,[1] seeking to recover unpaid overtime compensation, denial of use of

---

[1] Plaintiff's counsel avers that there are approximately 23 additional plaintiffs who are police officers with the Town of Orchard Park and similarly situated to plaintiff Mariano. Dkt. #37-1, ¶ 7. As these plaintiffs have not yet filed consents, the Court will reference plaintiff Mariano singularly rather than reference plaintiffs collectively.

compensatory time, liquidated damages, prejudgment interest, and attorney fees and costs. Dkt. #1. Shortly thereafter, Orchard Park Supervisor Mary Travers Murphy informed the PBA by letter that, in light of plaintiff's lawsuit, Orchard Park anticipated taking action to discontinue the new 12 hour duty schedule. Dkt. #3, p.12. Plaintiff filed an amended complaint as of right including an additional cause of action alleging retaliation in violation of 29 U.S.C. § 215(a)(3). Dkt. #3.

Defendant moved to dismiss the amended complaint and by Decision and Order dated November 18, 2011, the Hon. William M. Skretny granted defendant's motion to dismiss plaintiff's first, second and third causes of action alleging failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207; failure to properly calculate the overtime rate by failing to utilize plaintiff's regular rate of pay; and denial of use of compensatory time without prejudice for failure to allege sufficient facts to state a plausible claim; granted defendant's motion to dismiss plaintiff's fourth cause of action, alleging failure to abide by the FLSA's record keeping requirements, with prejudice because there is no private right of action for such a violation; and denied defendant's motion to dismiss plaintiff's fifth cause of action asserting retaliation. Dkt. #32.

Plaintiff's second amended complaint seeks to correct the deficiencies noted by Judge Skretny with respect to plaintiff's first cause of action alleging failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207; failure to properly calculate the overtime rate by failing to utilize plaintiff's

regular rate of pay; and denial of use of compensatory time by adding factual details. Dkt. #37-4. The fourth cause of action, alleging retaliation, is substantively unchanged from the amended complaint. Dkt. #37-4.

**DISCUSSION AND ANALYSIS**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Work Period**

Defendant argues that the first and second claims set forth in plaintiff's proposed amendment are futile because plaintiff has not alleged that he worked more than forty-three hours in a seven day work period, as required to state a claim pursuant to 29 U.S.C. § 207(k). Dkt. #40, p.10.

Plaintiff responds that because defendant has not affirmatively and/or formally elected the exemption provided under 29 U.S.C. § 207(k), the appropriate statute is 29 U.S.C. § 207(a). Dkt. #42, ¶ 20. In any event, plaintiff asserts that the proposed second amended complaint alleges that plaintiff worked more than 43 hours. Dkt. #42, ¶ 22.

29 U.S.C. § 207(a) provides, as relevant to the instant action, that

> Except as otherwise provided in this section, no employer shall employ any of his employees. . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k) provides that

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any . . . employee in law enforcement activities . . . if -- (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975;
>
> or

> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to days,
>
> compensation at a rate not less than one and on-half times the regular rate at which he is employed.

A work period is defined as "any established and regularly recurring period of work which . . . cannot be less than 7 consecutive days nor more than 28 consecutive days." 29 C.F.R. § 553.224.

The exemption provided by 29 U.S.C. § 207(k) is an affirmative defense. *Foley v. City of Buffalo,* No. 06-CV-49, 2011 WL 3176455, at *4 (W.D.N.Y. July 27, 2011). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Pub. Emps' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010). In *Foley*, for example, Judge Skretny dismissed plaintiff's claim of denial of overtime pay because plaintiff alleged an 8-day schedule of 2 nine hour day shifts and 2 fifteen hour night shifts followed by 4 days off. 2011 WL 3176455, at *1. In the instant case, plaintiff has alleged a 7-day schedule of 5 eight hour days and 2 staggered days off per workweek. Dkt. #37-3, ¶¶ 12-16. Based upon these allegations, it appears that 29 U.S.C. § 207(k) would apply and that overtime would not be required unless plaintiff works more than 43 hours. *See Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 804-06 (11th Cir. 1992)(evidence that officers worked five days with two days off per seven day cycle would warrant finding that exemption set forth in § 207(k) applied and overtime was not

required until hours exceeded 43 hours per work period). However, even though the complaint repeatedly seeks compensation for hours worked in excess of 40 hours per week, the allegations of 30 additional minutes per shift to robe and disrobe, routinely working through lunch breaks and additional time per work day to complete paperwork fairly (although barely), exceed the threshold of 43 hours per week. Thus, regardless of which threshold applies, plaintiff has stated a claim for failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207.

**Compensatory Time**

Defendant argues that the third cause of action fails to sufficiently identify the offending policy regarding use of compensatory time. Dkt. #40, p.12.

Plaintiff responds that the proposed second amended complaint sufficiently details defendant's "Manpower Denial Policy" and how it violates 29 U.S.C. § 207(o)(5). Dkt. #42, ¶¶ 31-35.

29 U.S.C. § 207(o)(5) provides that

> An employee of a public agency which is a State, political subdivision of a State, or an interstate governmental agency --
>
> (A) who has accrued compensatory time off authorized to be provided under paragraph (1),[2] and

---

[2] 29 U.S.C. § 207(o)(1) provides that ""[e]mployees of a public agency which is a State, political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section."

> (B) who has requested the use of such compensatory time,
>
> shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency.

29 C.F.R. § 553.25 explains that

> Mere inconvenience to the employer is an insufficient basis for denial of a request for compensatory time off. . . . For an agency to turn down a request from an employee for compensatory time off requires that it should reasonably and in good faith anticipate that it would impose an unreasonable burden on the agency's ability to provide services of acceptable quality and quantity for the public during the time requested without the use of the employee's services.

In the preamble to this regulation, the Department of Labor

> recognizes that situations may arise in which overtime may be required of one employee to permit another employee to use compensatory time off. However, such a situation, in and of itself, would not be sufficient for an employer to claim that it is unduly disruptive.

52 Fed. Reg. 2012, 2017 (1987). Thereafter, the Department of Labor's Wage and Hour Administrator issued an opinion letter stating that

> It is our position . . . that an agency may not turn down a request from an employee for compensatory time off unless it would impose an unreasonable burden on the agency's ability to provide services of acceptable quality and quantity for the public during the time requested without the use of the employee's services. The fact that overtime may be required of one employee to permit another employee to use compensatory time off would not be a sufficient reason for an employer to claim that the compensatory time off request is unduly disruptive.

1994 WL 1004861 (Aug. 19, 1994). This interpretation has been afforded deference. *Heitmann v. City of Chicago,* 560 F.3d 642, 647 (7th Cir. 2009); *Beck v. City of Cleveland,* 390 F.3d 912 (6th Cir. 2004), *cert. denied*, 545 U.S. 1128 (2005).

Plaintiff's proposed second amended complaint alleges that he requested, but was denied, use of compensatory time, including weekly requests during the summer months of 2006 through 2009, for lack of manpower, which plaintiff understood to mean that defendant would not permit use of compensatory time when another officer would need to be called in to cover the requesting officer's shift. Dkt. #37-3, ¶ ¶ 57 & 59. Regardless of whether defendant can ultimately establish that its denial based on manpower concerns satisfies the defense provided by the unduly disruptive standard, plaintiff's factual allegations are sufficient to state a plausible claim to relief pursuant to 29 U.S.C. § 207(o)(5). *See Scott v. City of New York*, 592 F. Supp.2d 501, 504-05 (S.D.N.Y. 2008) (burden to prove an undue disruption rests on defendants).

**Relation Back**

Defendant argues that plaintiff's proposed second amended complaint raises new claims and theories of liability which should not be allowed due to the prejudice defendant would face in attempting to defend such new claims, or at the very least, should not be permitted to relate back to the filing of the original complaint. Dkt. #40, pp.13-17.

Plaintiff responds that the original complaint and amended complaint provided fair notice of the claims set forth in the proposed second amended complaint and notes that plaintiff has not asserted any new causes of action. Dkt. #42-1, pp.10-11. Plaintiff disputes defendant's claim of prejudice as defendant possesses much of the documentation and evidence upon which the parties will rely to resolve this case.

Fed. R. Civ. P. 15 © provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. American Express Co.,* 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation omitted). The "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Id.* "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Id.*

Plaintiff's original and amended complaint each asserted failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207; failure to properly calculate the overtime rate by failing to utilize plaintiff's regular rate of pay; and denial of requests for use of compensatory time in violation of 29 U.S.C. § 207(o)(5). Dkt. #1. Plaintiff's amended complaint also asserted failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207; failure to properly calculate the overtime rate by failing to utilize plaintiff's regular rate of pay; and denial of requests for use of compensatory time in violation of 29 U.S.C. § 207(o)(5), and added a claim of retaliation. Dkt. #3. Plaintiff's proposed second amended complaint similarly asserts failure to compensate plaintiff for hours worked in excess of the hourly levels specified in 29 U.S.C. § 207; failure to properly calculate the overtime rate by failing to utilize plaintiff's regular rate of pay; denial of

requests for use of compensatory time in violation of 29 U.S.C. § 207(o)(5), and retaliation. Dkt. #37-3. As the proposed second amended complaint does not seek to assert additional causes of action but only attempts to clarify and amplify the factual allegations supporting the original causes of action, the proposed amendments relate back.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint (Dkt. #37), is granted.

**SO ORDERED.**

**DATED: Buffalo, New York**
**September 18, 2012**

***s/ H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**